### UNITED STATES v. MARKRUD.

(First Division.  Juneau.  August 11, 1915.)

No. 1092–B.

BAIL ☞43—CRIMINAL LAW—RAPE.

The defendant was held to answer on the charge of carnally knowing an Indian girl under 16 years of age.  The committing magistrate refused to admit him to bail, and defendant appealed to the district court judge to fix bail bond.  The statute (section 2314) provides that the defendant cannot be admitted to bail where the offense charged is rape, and "where the proof or presumption of his guilt is evident or strong."  *Held*, the proofs offered in this case are not considered of such character as to justify refusal of bail.  Defendant admitted to bail.

James A. Smiser, U. S. Dist. Atty., of Juneau, for the United States.

Z. R. Cheney, of Juneau, for defendant.

JENNINGS, District Judge.  The defendant has been held to answer on the charge of carnally knowing a girl under 16 years of age.  The committing magistrate refused to admit him to bail, and defendant has appealed to this court under section 2322, Compiled Laws Alaska 1913.

Our statutes (sections 2314 and 2315) provide that before conviction defendant is entitled to be admitted to bail as a matter of right, unless the charge be murder in the first degree, treason or rape, and the proof or presumption of his guilt is evident or strong.

Being a territory, we have no Bill of Rights, such as obtains in most of the states, by which the giving of bail is a matter

---

of course and is secured to the people as a right which Legislatures cannot take away from them; but nevertheless that exaltation of the freedom of the individual which is of the very essence of our institutions, and the inherent righteousness of the idea, have crystallized into a public opinion which may be said to have caused the enactment of the section of the statute aforesaid. Those same influences are responsible for the universal belief among the profession and the laity that it must be an extreme case indeed which is not bailable.

Under the statute the fact that the charge is murder, treason, or rape is not of itself sufficient to justify a refusal of bail; but, in addition to the charging of the offense, the proof or presumption of guilt must be evident or strong. This language cannot be taken to mean only that there must be a prima facie case made sufficient to hold the defendant; the proof must amount to something more than that.

To substantiate the charge on which this defendant is held, it is essential that there be proven both that defendant did the act and that the girl was under 16 years of age at the time.

The evidence that the defendant did the act consists in the statement of the girl herself, together with some oral admissions, alleged by the girl's sister to have been made to her by the defendant. Oral admissions are not regarded as a very high order of proof. So lightly are they esteemed that it is made the duty of the court to instruct a jury that they "are to be received with caution." Section 1505, subd. 4. The testimony of the alleged victim of a rape has always been a matter to be closely scrutinized. With such suspicion was it regarded in the days of our forefathers that they would place no credence in it, unless it was corroborated.

Again, the girl's age is a most vital consideration. She must be shown to have been under 16 years at the time of the commission of the act, before a conviction could be secured. In this case the evidence as to age is not strong. Her sister, an Indian woman 23 years of age, testifies that the girl was born on January 20, 1900. Her direct testimony on this point is a dogmatic assertion, and her cross-examination does not strengthen that assertion. Asked how she knows her sister was born on January 20, 1900, she says:

"Well, I remember just when she was born, January 20th. Q. How do you remember that? Have you looked it up since this case started? Is that the way you remember it? A. Lots of people in Killis-

noo remembers it. Q. Did you talk with some one about it? A. I never talked with any one, but I know just how old she is—15 years old January 20th. Q. I want to know how you know it? A. Well, I know it."

It is not the purpose of the court to belittle the testimony against the defendant. There is enough here to make a prima facie case, and it may be that on the trial there will be a great deal more. The court does not know about this—is not concerned about that. The sole question here is: Is the showing strong enough to justify denying the defendant bail?

As yet he has not been convicted of any crime. When it is remembered that the charge of rape is one easy to be made, hard to be proved, and harder to be disproved, it is not unreasonable to insist that the evidence should present a stronger case than is here presented before a defendant, who has merely been committed, will be denied the right to give bail. Unless it is the law that a person accused of rape shall not under any circumstances be admitted to bail, it would be hard to justify the refusal of bail to this defendant. I do not think that is the law.

Defendant will be admitted to bail in a sum reasonably sufficient to hold him.